UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER WEHMAN,<br><br>          Plaintiff,<br><br>     v.<br><br>STATE FARM FIRE<br>AND CASUALTY COMPANY,<br><br>          Defendant. | Civil Action No. 14-1416 (FLW)(DEA)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

ARPERT, Magistrate Judge

This matter comes before the Court on a Motion by Defendant seeking to: (1) strike Plaintiff's expert report and exclude the testimony of Plaintiff's expert; and (2) dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). *See* Dkt. No. 18. Plaintiff opposes Defendant's Motion. *See* Dkt. No. 21. For the reasons set forth below, Defendant's Motion to strike and exclude Plaintiff's expert is GRANTED; and (2) Defendant's Motion to dismiss Plaintiff's Complaint is DENIED.

I.   BACKGROUND AND PROCEDURAL HISTORY

This matter arises out of a Complaint originally filed by Plaintiff in the Superior Court of New Jersey, Ocean County, Law Division, on February 10, 2014. *See* Dkt. No. 1. Defendant removed the action to this Court on March 6, 2014. *Id*. In his Complaint, Plaintiff, a homeowner and resident of Toms River, New Jersey, alleges that Defendant did not adequately compensate him under his Homeowners Insurance Policy for the damage his property sustained during Superstorm Sandy on or about October 29, 2012.

1

According to Defendant, Plaintiff first reported his claim for damage to his property to Defendant on October 25, 2013. Dkt. No. 18 at p. 2. Plaintiff's claim stated that "some roof shingles had come loose from the roof of his house during the storm" and did not report any other damage to his property. *Id*. Defendant claims that on November 4, 2013, a Claim Representative for Defendant inspected the property with Plaintiff, and through his investigation, the Claim Representative determined "that the condition of the roof was not caused by [Sandy], but was due to age, wear and tear, and deterioration", which are causes excluded from coverage under Plaintiff's policy. *Id.* Defendant further claims that during the inspection, Plaintiff advised Defendant's Claim Representative that there was no damage to the interior of the house caused by Sandy and that Plaintiff denied the Claim Representative's request for permission to enter the house and conduct an inspection. *Id.* at p. 2-3.

Subsequently, on February 10, 2014, Plaintiff initiated the pending action against Defendant asserting causes of action for breach of contract, breach of the duty of good faith and fair dealing, bad faith, and violations of the New Jersey Consumer Fraud Act.

**A. Defendant's Motion to Strike Plaintiff's Expert**

Plaintiff has designated Timothy Fife of Gulf Coast Estimating Services as his expert in this litigation. On April 4, 2014, Plaintiff served Defendant with Mr. Fife's estimate (the "Fife Estimate") which includes approximately twelve pages of allegedly required repairs for both the interior and exterior of Plaintiff's property totaling $86,351.01. *See* Dkt. No. 18, Ex. A. The inspection of Plaintiff's property, which forms the basis of the Fife Estimate, was conducted on December 16, 2013 by an individual identified as Robert Davis. *Id.* at p. 4. Mr. Fife was not present on the date of the inspection, did not visit Plaintiff's property at any time prior to submitting his estimate and never spoke to Plaintiff regarding the condition of the property prior to Sandy or the damage allegedly

2

caused during Sandy. *Id.* Accordingly, Defendant asserts that Mr. Fife's opinions and testimony "should be excluded because they lack any factual basis and are based on nothing more than speculation." *Id.* at p. 17. In opposition, Plaintiff contends that although Mr. Fife did not conduct the inspection of Plaintiff's property, Mr. Fife "has been in the profession of providing damage estimates for well over a decade" and the process used by Mr. Fife is "routinely" used to prepare estimates for storm damage. Dkt. No. 21 at p. 7.

### B. Defendant's Motion to Dismiss Plaintiff's Complaint

On June 16, 2014, the Court entered a Scheduling Order setting a deadline of August 5, 2014 for the completion of fact discovery, including depositions and inspections. *See* Dkt. No. 6. On June 23, 2014, at the mutual request of counsel, the Court extended the discovery deadline to October 5, 2014. *See* Dkt. No. 7. On September 2, 2014, Defendant's counsel sent a letter to the Court requesting the Court's assistance in compelling Plaintiff, Plaintiff's wife and Mr. Fife to appear for their depositions and advising that Plaintiff had canceled previously scheduled depositions and "refused to provide [Defendant] with any new dates" for the depositions. *See* Dkt. No. 9. Pursuant to Defendant's letter, the Court entered an Order directing that "Plaintiff's counsel must provide a 'firm date' for the depositions requested no later than September 8, 2014." *Id.* Thereafter, Plaintiff provided dates for the requested depositions and the depositions were conducted on September 15, 2014 and October 14, 2014.

On November 5, 2014, Defendant again wrote to the Court seeking to compel Plaintiff to produce outstanding discovery, and on November 12, 2014, the Court entered an Order directing Plaintiff to "respond to all outstanding discovery requests at least 24 hours prior to the telephone status conference set for Nov[ember] 19th." *See* Dkt. No. 14. The Court's Order further advised that Plaintiff's failure to comply with the Order and produce all outstanding discovery "may result in the

imposition of sanctions including dismissal of the Complaint." *Id.* According to Defendant, on November 17, 2014, Plaintiff produced a portion of the outstanding discovery to Defendant. Dkt. No. 18 at p. 14. Defendant contends that Plaintiff has failed to comply with his discovery obligations and with the Court's Orders requiring to Plaintiff to produce the outstanding discovery and therefore moves for the dismissal of Plaintiff's Complaint under Fed. R. Civ. P. 37(b)(2)(A). In opposition, Plaintiff contends that he has "made every effort to comply with the discovery demanded in this case" and has provided Defendant with all responsive materials in his possession. Dkt. No. 21 at p. 8.

## II. DISCUSSION

### A. Motion to Strike Plaintiff's Expert

In support of its Motion to strike Mr. Fife's estimate and opinions, Defendant argues that Mr. Fife's opinions in this case "are based on nothing more than mere speculation, lack any factual basis whatsoever, and are flatly contradicted by the uncontested facts in this case, including plaintiff's own sworn deposition testimony." *See* Dkt. No. 23 at 2. Specifically, defendant alleges that the Mr. Fife's estimate is unreliable because the estimate was prepared without any knowledge of the condition of the property prior to Sandy or the weather conditions to which the property was subjected during Sandy, and Mr. Fife failed to distinguish between damage caused by Sandy and preexisting damage to the property.

In opposition, Plaintiff contends that "there is no reason to strike the testimony of Mr. Fife." *See* Dkt. No. 21 at 5. Plaintiff's argument largely consists of a defense of Mr. Fife's qualifications and only briefly addresses the methodology Mr. Fife used in preparing his estimate. Plaintiff explains that Mr. Fife employed someone to photograph the home, reviewed the photographs, and entered his damages calculations "into an industry wide accepted computer program to generate an estimate." *Id.* Plaintiff defends Mr. Fife's methodology by stating that "[t]he insurance industry routinely uses this

4

same methodology to adjust losses after a storm." *Id.* Because Plaintiff has failed to prove that the Fife Estimate should be permitted under Federal Rule of Evidence 702 and *Daubert*, this Court finds the Fife Estimate should be excluded.

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). When there is a proper challenge to the admissibility of evidence, such as a motion to exclude expert testimony, the party offering the expert bears the burden of establishing the admissibility of such expert's testimony and report by a preponderance of the evidence. *See Burke v. TransAm Trucking, Inc.,* 617 F.Supp.2d 327, 331 (M.D.Pa. 2009); *see also In re Paoli R.R. Yard PCB Litig. (Paoli II),* 35 F.3d 717, 744–46 (3d Cir. 1994).

Admissibility of expert testimony is a question of law governed by Federal Rule of Evidence 702. *See Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 588–89 (1993). Trial courts must act as gatekeepers to "ensure that any and all scientific testimony or evidence admitted is ... reliable." *Id.* at 589. Rule 702 provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The United States Court of Appeals for the Third Circuit has explained that Rule 702 sets forth three separate restrictions on the admission of expert testimony: qualification, reliability, and fit. *Schneider ex rel. Estate of Schneider v. Fried,* 320 F.3d 396, 404 (3d Cir. 2003). Rule 702 embraces a "liberal policy of admissibility." *Pineda v. Ford Motor Co.,* 520 F.3d 237, 243 (3d Cir. 2008) (quoting *Kannankeril v. Terminix Int'l, Inc.,* 128 F.3d 802, 806 (3d Cir. 1997)).

When a party challenges the admissibility of an expert's testimony, the trial court must assess whether the testimony has "a reliable basis in the knowledge and experience of [the relevant] discipline." *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147 (1999) (alteration in original) (quoting *Daubert,* 509 U.S. at 592). The reliability inquiry under Rule 702 focuses on the soundness of the expert's methodology and technique rather than on the expert's conclusions. *Pineda,* 520 F.3d at 247; *Paoli II,* 35 F.3d at 742. The touchstone of this inquiry is whether the expert's methodology is "sufficiently reliable so that it will aid the jury in reaching accurate results." *Paoli II,* 35 F.3d at 744 (citation omitted). The proponent of the expert testimony must show by a preponderance of the evidence that the expert's testimony is based on "good grounds." *Kannankeril,* 128 F.3d at 807. This standard requires more than a *prima facie* showing of reliability, but it is less onerous than the merits standard of correctness. *Pineda,* 520 F.3d at 247 (quoting *Paoli II,* 35 F.3d at 744).

In certain circumstances, admissible expert testimony may derive from an expert's knowledge and experience. *Oddi,* 234 F.3d at 158. When such testimony is based on knowledge and experience, the expert must nevertheless establish that his methodology is reliable. *Pappas v. Sony Elecs., Inc.,* 136 F.Supp.2d 413, 425 n. 16 (W.D.Pa. 2000). Mr. Fife's report fails in this respect. Mr. Fife's report concludes that conditions during Superstorm Sandy caused extensive damage to the interior and exterior of Plaintiff's house, but he does not articulate a sufficient methodological or factual basis for this conclusion. Mr. Fife does not explain what led him to conclude that the damage to Plaintiff's property resulted from conditions tha occurred during Sandy rather than from other sources of damage, such as wear and tear and deterioration. Without inspecting Plaintiff's property or attempting to determine whether the observed damage to Plaintiff's property existed prior to Sandy, or was caused as a result of conditions during Sandy, Mr. Fife's conclusion that the listed damage to Plaintiff's property

was caused by Sandy is tenuous and speculative and offers little more than the mere possibility that Sandy caused damage to Plaintiff's property.

While Mr. Fife's estimate may be a reliable indicator of the defects and necessary repairs to Plaintiff's property at the time of the inspection, Plaintiff has failed to establish that the estimate is an accurate or reliable documentation of the damage caused to Plaintiff's property as a result of Sandy and subject to coverage under Plaintiff's insurance policy. Accordingly, because the Court finds that Plaintiff has failed to demonstrate that Mr. Fife has "good grounds" for his testimony, the Court will exclude Mr. Fife's testimony to the extent that he opines on the cause of the damage to Plaintiff's property.

### B. Motion to Dismiss Plaintiff's Complaint

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case. *See* Fed. R. Civ. P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty. *Id*. Generally, in determining whether to impose an involuntary order of dismissal, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984). These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Courts can decide to dismiss without applying every single factor, but must still consider them. *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir. 1988). Dismissal is a harsh remedy and should be reserved for only the most extreme cases, as "the policy of the law is to favor

the hearing of a litigant's claim on the merits." *Spain v. Gallegos,* 26 F.3d 439, 454 (3d Cir.1994) (citing *Marshall v. Sielaff,* 492 F.2d 917, 918 (3d Cir.1974)).

### *1. Plaintiff's Personal Responsibility*

The Court cannot definitively place the responsibility for Plaintiff's failure to comply with its Order of November 12, 2014 solely on Plaintiff himself. The fault here could lie with Plaintiff, his attorney, his expert witness, or some combination of the three. Additionally, it is not clear that Plaintiff's failure to provide complete discovery constitutes demonstrable contempt for this Court's Orders because it appears to the Court that Plaintiff attempted to comply with his discovery obligations. Plaintiff's letter, dated November 17, 2014, outlines responses to nearly all of Defendant's outstanding discovery requests and Plaintiff asserts that the remaining discovery does not exist or is not in his possession.

While Plaintiff has attempted to produce the requested documents and to clarify confusion regarding documents which Plaintiff states do not exist, it does appear that Plaintiff has failed to fully comply with his discovery obligations. For example, Plaintiff has not produced any of the discovery requested by Defendant during Mr. Fife's deposition on October 14, 2014. Plaintiff's counsel received a letter from Defendant, dated October 28, 2014, again requesting the production of the documents requested during Mr. Fife's deposition , but according to Defendant, the requested documents were never produced. Responsibility for this failure seems to rest more on Plaintiff's counsel and Mr. Fife than on Plaintiff himself. Although the Court cannot place the blame solely on Plaintiff himself, the Court finds that Plaintiff is at least partially responsible for the failure to comply with the Court's November 12, 2014 Order requiring Plaintiff to "respond to all outstanding discovery requests". Accordingly, the Court finds that this factor weighs in favor of dismissal.

### 2. Prejudice to Defendants

Under the second *Poulis* factor, the Court considers the "prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery." *Poulis,* 747 F.2d at 868. In the *Poulis* analysis, "[e]vidence of prejudice to an adversary 'bear[s] substantial weight in support of a dismissal or default judgment.'" *Adams v. Trustees of N.J. Brewery Employee's Pension Trust Fund,* 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984)). "Prejudice also includes deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery." *Id.* "A party may also be prejudiced if its 'ability to prepare effectively a full and complete trial strategy' is impeded." *Chiarulli v. Taylor*, 2010 WL 1371944, at *3 (D.N.J. Mar. 31, 2010) (citing *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222 (3d Cir.2003)).

Here, Defendant claims that Plaintiff's failure to respond completely to discovery requests has resulted in "obvious" prejudice to Defendant "as State Farm requires complete discovery to fully understand, and defend itself against, plaintiff's serious claims." *See* Dkt. No. 18 at p. 24. Plaintiff asserts that the relevance of some requested discovery is "beyond any reasonable comprehension", that the discovery requests are "over-the-top litigation tactics" and any delay in production has not adversely affected Defendant. *See* Dkt. No. 21 at p. 9. Although the Court notes that as a result of Plaintiff's incomplete responses to Defendant's discovery requests  Defendant has been forced to seek relief on this issue, Defendant has failed to identify any specific prejudice suffered as a result of Plaintiff's delayed and allegedly incomplete production. Accordingly, the Court finds that this factor weights against dismissal.

*3. History of Dilatoriness*

Under the third *Poulis* factor, the Court considers whether the non-moving party has demonstrated a history of dilatoriness. *Poulis,* 747 F.2d at 868. "'Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.'" *Chiarulli,* 2010 WL 1371944, at *3 (citing *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 874). Here, Defendant asserts that although Plaintiff has responded to some of Defendant's discovery requests, Plaintiff's responses are incomplete.

On November 12, 2014, Plaintiff was ordered to "respond to all outstanding discovery requests at least 24 hours prior to the telephone conference set for Nov[ember] 19th," which included certain discovery requested during the depositions of Plaintiff, his wife, and Mr. Fife. On November 17, 2013, Plaintiff produced some but not all of the documents requested during his deposition. On December 2, 2014, Plaintiff's counsel provided one additional document, but failed to fully comply with the Court's November 12, 2014 Order requiring Plaintiff to respond to "all outstanding discovery requests". Although Plaintiff has failed to fully comply with the Court's November 12, 2014 Order, it appears to the Court that Plaintiff has endeavored, albeit imperfectly, to comply with the Court's Orders and with Defendant's discovery requests. Accordingly, the Court finds that this factor weighs against dismissal.

*4. Willfulness or Bad Faith*

Under the fourth *Poulis* factor, the Court considers "whether the conduct of the party or the attorney was willful or in bad faith." *Poulis,* 747 F.2d at 868–69. In the dismissal context under the *Poulis* analysis, "[w]illfulness involves intentional or self-serving behavior." *Adams,* 29 F.3d at 875. "'[N]egligent behavior' or 'failure to move with dispatch'—even if 'inexcusable'—will not suffice to establish willfulness or bad faith." *Chiarulli,* 2010 WL 1371944, at *3 (quoting *Adams,* 29 F.3d at

10

875). However, "where the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, 'at the very least, renders a party's actions willful for the purposes of the fourth Poulis factor.'" *Hunt–Ruble*, 2012 WL 2340418, at *5 (quoting *Martino v. Solaris Health Systems Corp.,* No. 04–6324, 2007 WL 1959226, at *5 (D.N.J. June 29, 2007)).

There is no indication before the Court that Plaintiff has proceeded in bad faith. However, the Court does find that Plaintiff's conduct has been willful. Although Plaintiff claims that he "has made every effort to comply with the discovery demanded in this case", he has failed to fully comply with the Court's Order directing the production of responses to all of Defendant's outstanding discovery requests. Additionally, while Plaintiff has explained that some of the requested documents do not exist or are not in his possession, Plaintiff has offered no explanation for his failure to produce the remaining documents, including the documents requested during Mr. Fife's deposition, which Mr. Fife stated were in his possession. Accordingly, because Plaintiff has not provided explanations for all of the outstanding discovery, the Court finds that Plaintiff's failure to comply with the Orders of this court requiring the production of discovery has been willful, and therefore, this factor weighs in favor of dismissal.

### 5. Effectiveness of Alternative Sanctions

Alternative sanctions other than dismissal include (1) prohibiting the violating party from supporting or opposing claims or defenses, (2) striking pleadings, (3) staying proceedings, (4) rendering default judgment, (5) treating as contempt of court the failure to obey an order, and (6) imposing fees and costs incurred due to noncompliance. *See* Fed. R. Civ. P. 37(b)(2)(A). Here, although Plaintiff's production of discovery has been delayed and allegedly incomplete, Plaintiff has produced the majority of the discovery requested by Defendant. While Plaintiff is not in strict compliance with the Court's November 12, 2014 Order, Plaintiff's conduct has not risen to a level

warranting the dismissal of his complaint or the imposition of other sanctions. However, if Plaintiff's pattern of noncompliance continues, the Court will consider imposing alternative sanctions. Accordingly, because the Court finds that sanctions short of the dismissal of Plaintiff's Complaint would be effective, this factor weighs against dismissal.

### 6. Meritoriousness of the Claims

In addressing the meritoriousness of a pleading, courts generally consider whether "the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis,* 747 F.2d at 869–70. A court, however, is not required to "balance both parties' claims and defenses" or to "have a mini-trial before it can impose a default." *Hoxworth v. Blinder, Robinson & Co., Inc.,* 980 F.2d 912, 922 (3d Cir. 1992). At this juncture, the Court does not possess a sufficient factual record to evaluate the meritoriousness of Plaintiff's claims. For the purpose of the present analysis, the Court will assume that Plaintiff's claims have merit. Accordingly, the Court finds that this factor weighs against dismissal.

"'*Poulis* requires the District Court only to balance the six factors and does not set one factor forth as determinative.'" *See Williams v. Sullivan,* 2011 WL 2119095, at *8 (D.N.J. May 20, 2011) (quoting *Chiarulli,* 2010 WL 1371944, at *4). In this case, the Court finds that, on balance, the *Poulis* factors do not warrant the dismissal of Plaintiff's Complaint. The Court acknowledges that Plaintiff has failed to fully comply with the Court's November 12, 2014 Order directing him to provide complete responses to all of Defendant's discovery requests. However, Plaintiff has produced the majority of the requested discovery, and has provided explanations for several of the outstanding documents which Plaintiff claims do not exist or are not in his possession. Accordingly, the Court finds that the dismissal of Plaintiff's Complaint is not appropriate at this juncture and Defendant's Motion to dismiss Plaintiff's Complaint is DENIED.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 3rd day of September, 2015,

**ORDERED** that Defendant's Motion to strike Plaintiff's expert and to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 37 [Dkt. No. 18] is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that Defendant's Motion to strike Plaintiff's expert report and exclude the testimony of Plaintiff's expert is **GRANTED**; and it is further

**ORDERED** that Defendant's Motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) is **DENIED**; and it is further

**ORDERED** that the Court will conduct a live status conference on October 1, 2015 at 11:00 am.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge